STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY

FILED

MAY 25 2016

In The Office of the
Court Clerk RHONDA HALL

**IN THE DISTRICT COURT OF CLEVELAND COUNTY**
**STATE OF OKLAHOMA**

RITA DIANE BLAKE, an individual )
)
Plaintiff, )
)
vs. )    Case No. CJ-2016-608-TB
)
FAA CREDIT UNION, JULIE )
GAMBLIN, an individual, and STEVE )
RASMUSSEN, an individual )

Defendants,

## PETITION

COMES NOW the Plaintiff, Rita Diane Blake, and for her cause of action against the Defendants, FAA Credit Union, an Oklahoma State Chartered Credit Union, Julie Gamblin, an individual, and Steve Rasmussen, an individual, states as follows:

### Parties

1. Plaintiff, Rita Diane Blake, resides in Mustang, Canadian County, Oklahoma.

2. Defendant, FAA Credit Union, is a domestic chartered credit union, with a location in Cleveland County, Oklahoma, and where the occurrences giving rise to this cause of action took place.

3. Defendant, Julie Gamblin, is a resident of Oklahoma.

4. Defendant, Steve Rasmussen, is a resident of Oklahoma

### Jurisdiction and Venue

5. Plaintiff's claim is for violation of her rights under the Title VII of The Civil Rights Act of 1964, and violation of the Oklahoma Anti-Discrimination Act, 21 O.S. § 1302(A)(1).

6. Venue is proper in this court pursuant to 12 O.S. § 137.

1


EXHIBIT 1

7. Plaintiff has performed any conditions precedent to filing this action by filing a charge with the Equal Employment Opportunity Commission and a "Notice of Rights" was issued on February 26, 2016, and has timely filed this action.

## Statement of Facts

8. On or about July 9, 2012, Plaintiff, Rita Diane Blake, was hired as the Vice President of Lending by FAA Credit Union.

9. Plaintiff was employed at Defendant's, FAA Credit Union, branch located near Southwest 104th Street and South Western Avenue in Oklahoma City, Oklahoma.

10. In July 2014, Plaintiff experienced an inappropriate sexual conversation involving several of Defendant's Marketing and Human Resources employees.

11. The abovementioned experience created an uncomfortable working environment for Plaintiff.

12. Plaintiff immediately reported the witnessed conduct to Julie Gamblin, Vice President of Human Resources, who commenced investigation.

13. On information and belief, Ms. Gamblin determined that the Plaintiff's complaint was substantiated.

14. Plaintiff is only aware of an email sent to the employees involved in regards to remedial actions taken by Ms. Gamblin.

15. On or about July 23, 2014, Senior Vice President, Glen Fields, relayed his dislike of Plaintiff by entering Plaintiff's office and stating, "I just don't like you." This took place shortly after Plaintiff made her complaint and Plaintiff believes that this statement was made in retaliation of the complaint.

16. After Plaintiff's complaint, on or about August 4, 2015, the Senior Vice President of Operations, Glen Fields, expressed his displeasure that Plaintiff made the complaint to

2

Human Resources and the Senior Vice President told Plaintiff, "What comes around, goes around."

17. Plaintiff believed that this statement was related, and made in retaliation, due to her complaint.

18. On or about September 2, 2015, Plaintiff received a Counseling Review Form from President Steve Rasmussen alleging Plaintiff intimidated and harassed employees belonging to the Marketing department.

19. Plaintiff believes that the Counseling Review Form was given to her in retaliation of her complaint to Human Resources about Marketing Department employees. Plaintiff had not received a Counseling Review Form prior to her complaint of witnessing a sexual conversation. The Counseling Review Form contained five (5) items on the disciplinary action plan, which Plaintiff believes were impossible to accomplish , and were assigned to her to result in inevitable termination of employment with FAA Credit Union. These five (5) items required Plaintiff to not address private or confidential matters involving an employee in front of other individuals. Plaintiff was required to refrain from providing directives to employees working in departments she did not manage; Plaintiff was required to complete and submit written project requests to the Vice President of the Marketing Department when engaging the Marketing Department. Plaintiff was restricted from confronting employees working in departments she did not manage and any issues she found were to be dealt with through the Vice President of the Department, Human Resources, or the President/CEO. Plaintiff was required to work and consult with senior management team regarding ideas, plans, or projects, to seek input and resolve conflicts. Plaintiff was also required to work to gain an understanding and better reflect the culture of the Credit Union and to foster an

atmosphere in which all employees are treated with respect and dignity, along with attending sensitivity training. Plaintiff believes that these substantial requirements were in direct retaliation of her complaint and aimed to inevitably terminate her employment at FAA Credit Union.

20. On or about November 19, 2015, Plaintiff filed a retaliation complaint with the Equal Employment Opportunity Commission ("EEOC").

21. After that, Plaintiff was subjected to further retaliation.

22. On or about February 3, 2016, Plaintiff's employment was terminated, stating that an internal investigation revealed that Plaintiff's continued employment would put Defendant, FAA Credit Union, at risk.

23. Her termination was directly related to her first complaint to Human Resources, which Julie Gamblin is the Vice President of, and less than three (3) months after Plaintiff filed a retaliation complaint with the EEOC. Defendants further retaliated against Plaintiff when Defendants set up an internal investigation in retaliation of Plaintiff's complaint. This retaliatory investigation concluded with the termination of Plaintiff from Defendant's, FAA Credit Union, workplace and was a continued effort to retaliate against Plaintiff for her complaint.

### FIRST CAUSE OF ACTION: TITLE VII OF THE CIVIL RIGHTS ACT

24. Plaintiff hereby incorporates paragraphs 1 – 23.

25. This cause of action is directed towards FAA Credit Union.

26. Defendant, FAA Credit Union, actions in the retaliation of Plaintiff due to her reporting witnessed misconduct constitutes a violation of Title VII of the Civil Rights Act of 1962.

27. As a direct and proximate result of Defendant's actions in terminating Plaintiff, Plaintiff suffered injuries and damages, including lost wages (past, present, and future, including associated benefits) and has suffered mental anguish and emotional distress.

28. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 12205.

### SECOND CAUSE OF ACTION: VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT, 25 O.S. § 1601(1).

29. Plaintiff hereby incorporates forgoing paragraphs 1 – 28.

30. This cause of action is directed against the FAA Credit Union, , Julie Gamblin, an individual, and Steve Rasmussen, an individual.

31. Defendants actions in the retaliation of Plaintiff due to her reporting witnessed misconduct constitutes a violation of the Oklahoma Anti-Discrimination Act, 25 O.S. § 1601(1).

32. Defendants, individually and/or collectively, conspired to retaliate against Plaintiff because Plaintiff filed a complaint against Defendant FAA Credit Union. This retaliation is in direct violation of the Oklahoma Anti-Discrimination Act, 25 O.S. §1601.

33. As a direct and proximate result of Defendants actions in terminating Plaintiff, Plaintiff suffered injuries and damages, including lost wages (past, present, and future, including associated benefits) and has suffered mental anguish and emotional distress.

34. Plaintiff is entitled to an award of attorney fees and costs under the Oklahoma Anti-Discrimination Act, 21 O.S. § 1350(G)(H).

WHEREFORE, Plaintiff, Rita Diane Blake, prays for judgment against the Defendants, FAA Credit Union, Julie Gamblin, and Steve Rasmussen, by declaring the conduct of Defendants to be in violation of Plaintiff's statutory rights; awarding Plaintiff for back pay, front pay, compensatory, liquidated, and other damages herein, as applicable, together with costs, pre-

and post-judgment interest and attorney's fees against the Defendants, and any other relief as may be just and proper.

                Respectfully submitted,

                */s/ Christopher L. Kannady*

CHRISTOPHER L. KANNADY, OBA #20513
D. ELIOT YAFFE, OBA #19723
PATRICIA ANNE PODOLEC, OBA #21325
FOSHEE & YAFFE
P. O. Box 890420
Oklahoma City, OK 73189
Telephone: (405) 632-6668
Facsimile: (405) 632-3036
clk@fylaw.com
eyaffe@fylaw.com
ppodolec@fylaw.com
*Attorneys for the Plaintiff*